**DEREK SMITH LAW GROUP, PLLC**
TIMOTHY J. PROL, ESQUIRE
Attorney ID No. 319524
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(267) 857-0834
tim@dereksmithlaw.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENDRA HAFFONEY<br><br>            Plaintiff<br><br>    v.<br><br>THERAPY SOURCE, INC; and<br>NOAH RING (individually)<br><br>            Defendants | Civil Action No.<br><br>**CIVIL ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

### CIVIL COMPLAINT

Plaintiff, Kendra Haffoney, by and through her attorneys, The Derek Smith Law Group, PLLC, hereby brings this civil action pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII")*,* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et. seq.*, to seek relief from discrimination, harassment, disparate treatment, hostile work environment, and retaliation related to Plaintiff's employment with Defendants, Therapy Source, Inc. and Noah Ring. Plaintiff alleges and avers in support thereof:

1

## PARTIES

1. Plaintiff, Kendra Haffoney (hereinafter also referred to as "Plaintiff" or "Ms. Haffoney") is an individual, African American female who is a resident of the State of Delaware.

2. Defendant, Therapy Source Inc., hereafter "Defendant Therapy Source," was and still is a miscellaneous corporation organized and existing by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located at 5215 Militia Hill Road, Plymouth Meeting, PA 19462.

3. Defendant Noah Ring (hereinafter also referred to as "Defendant Ring") was and is still employed by Defendant Therapy Source as a Division Manager.

4. At all times material Defendant Ring maintained supervisory authority over Plaintiff.

5. At all times material, Defendants were Plaintiff's joint/sole employers.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter as it involves a Federal Question under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII") and this Court has supplemental jurisdiction, 28 U.S.C. §1367, over the Commonwealth of Pennsylvania causes of action.

7. Jurisdiction is proper in the Eastern District of Pennsylvania based upon 28 U.S.C. §1331 and § 1343 (1-4).

8. Venue is appropriate before this Court as Defendants reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania.

## MATERIAL FACTS

9. On the first day that Plaintiff started with Defendant, she was told that as an Account Manager, she would be assigned to school accounts that she would have to manage in order to earn her commission.

10. Plaintiff 's Division Manager (Defendant Ring) said he was not comfortable giving Plaintiff accounts until she was fully trained by the company's model.

11. Plaintiff was working for Defendant Therapy Source for almost 6 months without true account management training from Division Manager Defendant Ring.

12. In September, 2022, Plaintiff requested a meeting with Defendant Ring to address his behavior, which included screaming, demoralizing, threatening, cursing, talking over people, and being demeaning and dismissive of women in the workplace, including the way he spoke to and addressed Plaintiff .

13. Defendant Ring neglected or refused to attend several trainings and meetings requested by Plaintiff.

14. On rare occasions where Defendant Ring did attend a meeting with Plaintiff he was dismissive, would not allow Plaintiff to speak, cut her off, and refused to take into consideration the comments Plaintiff was making.

15. Plaintiff requested these meetings with Defendant Ring to facilitate better communication and to form solid working relationship.

16. Subsequent to Plaintiff seeking a meeting in September 2022 with Defendant Ring, Defendant Ring broke off all interaction with Plaintiff for approximately one (1) month thereafter, holding no training sessions, and no conversations with her.

17. Rather than interacting with Plaintiff directly, Defendant Ring assigned a junior team member, of a lower title than Plaintiff, to check up on what Plaintiff needed and to discuss Plaintiff's submittals for the school accounts.

18. The junior team member incidentally was of a different race than Plaintiff.

19. Defendant Ring was the appropriate person per Defendant Therapy Source policy and past practice to review the account submittals to determine profit margins and targets.

20. Defendant Ring also prevents Plaintiff from recruiting individuals for her accounts by failing to provide necessary introduction emails to Plaintiff's new accounts.

**Unlawful Sex/Gender, Race Discrimination and Hostile Work Environment**

21. Defendant Ring indicated to Plaintiff that he was excluding her from the work relationships because Defendant Ring had better working relationships with the school clients and that it is a "Boy's Club" that he has been working with and, because of that "Boy's Club," those clients would rather speak with Defendant Ring than to Plaintiff.

22. Also, in September, 2022, Plaintiff contacted Human Resources for Defendant Therapy Source to notify, complain, and inform them of Plaintiff's Division Manager Defendant Ring's conduct towards her.

23. Plaintiff informed Human Resources that Defendant Ring was showing signs of discrimination, was creating a hostile work environment, and was retaliating against her for complaining of improper conduct based on impermissible reasons on the part of Defendant Ring.

24. In the past, Account Managers like Plaintiff complained about conduct similar to that of Defendant Ring but apparently nothing is done by Defendant Therapy Source to address or remedy same.

25. During the reporting to Human Resources, Plaintiff had a conversation with Carole Washington in Human Resources to report that Plaintiff is being mistreated, marginalized, and ignored by Defendant Ring and that Defendant Ring was refusing to train her, is dismissive, and because of the "Boy's Club" he mentioned, did not want to hold important work conversations with Plaintiff.

26. On December 6, 2022, Plaintiff sent Defendant Ring and the VP of Sales Phillip Puleo an email to discuss her role, responsibilities, and performance because Defendant Ring's discriminatory conduct was detrimentally interfering with her livelihood and negatively impacting the terms and conditions of her employment and creating a hostile work environment.

27. Rather than addressing Plaintiff's email and concerns, Defendant Ring shared the email with another team member and made a mockery of it.

28. On December 16, 2022, Defendant Ring set a date on the calendar for a meeting with Plaintiff.

29. Plaintiff thought the meeting was to discuss the issues she was raising regarding Defendant RING's treatment of her and the manner in which he was interfering with the terms and conditions of her employment, however, during the meeting Defendant Ring instead attempted to intimidate and threaten Plaintiff, indicating that he heard Plaintiff wanted to grow in the company and accused her of trying to take over his position.

30. Defendant Ring tried to intimidate Plaintiff by saying she needed to "Slow [her] roll," and follow his steps.

31. As of February 2, 2023, Defendant Ring continued not allowing Plaintiff to work on her accounts because of the "Boy's Club" issues Defendant Ring has with Plaintiff.

32. Additionally, Defendant Ring informed Plaintiff that he did not like the content of her emails, so Plaintiff requested training sessions from Defendant Ring so that she could format the emails the way Defendant Ring wanted.

33. However, Defendant Ring continued to ignore Plaintiff's calls and requests for meetings and trainings.

34. In addition to discriminating against Plaintiff because of her sex because she is not a member of the "Boy's Club," Defendant Ring showed favoritism to team members who are a different color and/or race from Plaintiff.

35. On February 24, 2023, due to Defendant Ring 's hostile actions on the basis of Plaintiff's sex, gender, and/or race, Plaintiff suffered an anxiety attack and ended up in the hospital due to heart palpitations and pain in her chest.

36. Plaintiff treats with a therapist for this emotional trauma associated with Defendant Ring's discriminatory actions in the workplace.

37. On April 28, 2023, Defendant Ring called Plaintiff yelling at her and saying that Plaintiff made a huge mistake regarding a therapist who was sent to a school as part of Plaintiff's work duties.

38. Defendant Ring deliberately misconstrued Plaintiff's actions and did not listen to an explanation from Plaintiff or offer any guidance as to how Defendant Ring would have preferred Plaintiff address her work duties in that situation.

39. Immediately after Defendant Ring's tirade of April 28, 2023, Plaintiff contacted Defendant Therapy Source's Human Relations department to report, complain about, and discuss

Defendant Ring's unlawful gender-and-race-based discriminatory and hostile actions in the workplace.

40. As an Account Manager, Plaintiff must recruit and build relationships for her accounts in order to earn commission-based income.

41. Defendant Ring, by engaging in unlawful sex/gender discrimination regarding Plaintiff's interaction with the clients, customers, and accounts as a "Boy's Club" has restricted Plaintiff from developing her book of business and from earning the level of commission she otherwise would have earned.

42. Defendant RING further unlawfully discriminates against Plaintiff on the basis of sex/gender, and/or race, by failing to respond to Plaintiff when she submits candidates to her accounts for his approval and Defendant Rin G neglects to move Plaintiff's candidates along the pipeline, which negatively impacts Plaintiff's financial remuneration and terms and conditions of employment.

43. On May 16, 2023 as a result of PLAINTIFF's complaint to HR, PLAINTIFF had a meeting with Carol Washington (VP of HR), Philip Puleo (VP of Sales), and Defendant RING (Division Manager).

44. At the end of the meeting, Carol Washington suggested that Defendant Ring set up weekly or bi-weekly meetings with Plaintiff to continue to train her.

45. Neither Carol Washington or Philip Puelo addressed Defendant Ring's unlawful discriminatory behavior and no consequences were implemented or actions taken to correct Defendant Ring's unlawful discriminatory actions and behavior.

**Initial Threats and Instances of Retaliation**

46. Immediately after the May 16, 2023, meeting with HR, Defendant Ring called Plaintiff directly on her cellphone and admonished and threatened her, saying Defendant Ring does not like to get HR involved with his team and that Plaintiff should have come to him with any issues.

47. Defendant Ring further threatened Plaintiff saying words to the effect of, "Do not reach out to HR again, or that's it, I'm done ... "

48. Plaintiff to Defendant Ring's tone and intention to be threatening and retaliatory.

**Unlawful Retaliation and Adverse Employment Action**

49. On or about June 5, 2023, after further attempting to address Defendant Ring's unlawful actions and requesting that Defendant Therapy Source take action to remedy Defendant RING's unlawful actions, Defendant Therapy Source terminated Plaintiff direct retaliation for engaging in protected activity.

**Emotional Distress resulting from Defendants' Unlawful Discrimination, Hostile Work Environment, and Retaliation**

50. Since Defendants Therapy Source and Ring's unlawful sex/gender discrimination, hostile work environment, and retaliation began, as well as at each successive point along the way, culminating in Defendants' adverse employment action terminating Plaintiff in retaliation for engaging in the protected activity of reporting Defendant Ring's unlawful discrimination, Plaintiff has been marginalized, intimidated, and has feared speaking up due to being retaliated against.

51. Plaintiff has incurred significant emotional injury as a direct result of Defendants' unlawful actions. The above are just some examples of some of the discrimination and retaliation to

which Defendants subjected Plaintiff on a continuous and on-going basis throughout Plaintiff's employment.

52. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

53. Plaintiff claims alternatively that Charging Party is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors. Furthermore, in such case, Plaintiff claims that Defendants owed and breached its duty to Plaintniff to prevent the harassment, discrimination, and retaliation and is liable therefore for negligence.

54. Charging Party claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

## COUNT I
**Disparate Treatment in Violation of
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*.
(*Plaintiff v. Defendant Therapy Source*)**

55. Plaintiff incorporates by reference and realleges every allegation in this Complaint as if fully set forth herein at length.

56. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 provides in relevant part:

   a. "It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) limit, segregate, or classify his employees or applicants for employment in any wat which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

42 U.S.C. § 2000e-2

57. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(d) further provides that "it shall be an unlawful employment practice for an employer… controlling… training or retraining, including on-the-job training programs to discriminate against any individual because of [her] race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide training."

58. Defendants engaged in unlawful employment practices prohibited by Title VII by intentionally discriminating against Plaintiff with respect to their compensation, terms, conditions, training, and privileges of employment because of their race and sex.

59. Defendants subjected Plaintiff to adverse tangible employment actions – defined as significant changes in Plaintiff's employment status, discipline, and denial of training.

60. At all times material, Plaintiff was and is an African American woman.

61. At all times material, Defendants had actual or constructive knowledge of Plaintiff's race and sex.

62. Defendants subjected Plaintiff to disparate treatment in the terms of conditions of her employment during her employment because of her race and sex.

63. Defendants terminated Plaintiff's employment about June 5, 2023.

64. At all times material, Plaintiff's race and sex was the motivating and/or determinative factor in Defendants' disparate treatment of Plaintiff and decision to discriminate against, retaliate against, and terminate Plaintiff's employment.

65. Defendants' decision to terminate Plaintiff because of Plaintiff's race and sex was intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

66. Defendants' decision to terminate Plaintiff's employment because of Plaintiff's race and sex is an unlawful employment practice in violation of Title VII.

67. As a direct and proximate result of Defendants' unlawful termination of Plaintiff's employment in violation of Title VII because of his sex, Plaintiff has suffered and continues to suffer emotional and financial harm.

## COUNT II
**Hostile Work Environment in Violation of
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e,** *et. seq*.
(*Plaintiff v. Defendant Therapy Source*)

68. Plaintiff incorporates by reference and realleges every allegation in this Complaint as if fully set forth herein at length.

69. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 provides in relevant part:

    b. "It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) limit, segregate, or classify his employees or applicants for employment in any wat which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

42 U.S.C. § 2000e-2

70. Title VII also prohibits hostile work environment harassment, defined as unwanted comments or conduct regarding the Plaintiff's protected characteristics that have the purpose or effect of unreasonably interfering with the terms and conditions of the Plaintiff's employment. *Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993).

71. Defendants, in their capacity as Plaintiff's supervisors, intentionally discriminated against Plaintiff in the terms and conditions of her employment on the basis of Plaintiff's race and sex.

72. Defendant Therapy Source delegated to Defendant Ring the authority to control Plaintiff's work environment, and they abused that authority to create a hostile work environment.

73. At all times material, Defendants' intentional, discrimination on the basis of Plaintiff's race and sex was not welcomed by Plaintiff.

74. At all times material, the intentional, discrimination by Defendants on the basis of Plaintiff's race and sex was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

75. At all times material, Plaintiff believed her work environment to be hostile or abusive as a result of Defendants' discriminatory conduct.

76. The hostile work environment alleged herein was so extreme that it resulted in material changes to the terms and conditions of Plaintiff's employment.

77. Defendant Therapy Source provided a futile avenue for complaint.

78. Defendants Therapy Source and Ring retaliated against Plaintiff for her complaints.

79. Defendant Therapy Source acted upon a continuing course of conduct.

80. Defendant Therapy Source's unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

81. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**COUNT III**
**Unlawful Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*.**
(*Plaintiff v. Defendant Therapy Source*)

82. Plaintiff incorporates by reference and realleges every allegation in this Complaint as if fully set forth herein at length.

83. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

84. As alleged herein, Plaintiff engaged in protected activity under Title VII including, but not limited to raising formal and informal complaints opposing Defendants' discriminatory employment practices.

85. At all times material, Plaintiff acted under a good faith belief that her right to be free from unlawful discrimination in the workplace was violated.

86. Plaintiff was subjected to materially adverse actions at the time or after the protected conduct took place.

87. Plaintiff's protected activity was a motivating and/or determinative factor in the Defendants' decision to take materially adverse action against Plaintiff.

88. Plaintiff's protected activity was the but-for cause of the Defendants' decision to take materially adverse action against Plaintiff.

89. Defendants acted upon a continuing course of conduct.

90. Defendants' unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

91. Defendants' action to take materially adverse action against Plaintiff in retaliation for Plaintiff's prior protected activity is an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964.

92. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**COUNT IV**
**Disparate Treatment and Hostile Work Environment in Violation of**
**Pennsylvania Human Relations Act (PHRA), 43 P.S. § 955,** *et. seq.*
(*Plaintiff v. Defendant Therapy Source*)

93. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

94. The PHRA § 955 provides that it shall be an unlawful discriminatory practice:

> (b) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or impendent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the service required.

95. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's race and sex.

96. Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of PHRA § 955.

97. Defendant Therapy Source is an employer under the Pennsylvania Human Relations Act (PHRA) as it employs citizens of the Commonwealth of Pennsylvania, and also because Defendant resides in the Commonwealth.

98. Defendants Conley and Lang are supervisors and/or managers employed by Defendant Therapy Source who compelled, coerced, and/or otherwise caused the violations of the Act alleged herein.

99. Plaintiff is entitled to the protections of the PHRA as she is an employee who is a member of a protected class by virtue of her race and sex.

100. Defendants subjected Plaintiff to a harassing, hostile work environment, and disparately treated Plaintiff based on her membership to one or more protected classes.

101. As a direct and proximate result of Defendants' discrimination, harassment, and retaliation, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, pain and suffering, alienation, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

102. Plaintiff seeks attorney's fees pursuant to the PHRA.

103. Alternatively, Defendants' actions were motivated by the foregoing discriminatory animus towards Plaintiff. Therefore, Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

104. Defendants' unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's protected civil rights under PHRA.

### COUNT V
### Retaliation in Violation of
### Pennsylvania Human Relations Act (PHRA), 43 P.S. § 955, *et. seq.*
### (*Plaintiff v. Defendant Therapy Source*)

105. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

106. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: "For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this Act, or because such individual has made a civil complaint, testified or assisted, in any manner, in any investigation proceeding or hearing under this act."

107. Defendants engaged in unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

108. Defendants' unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's protected civil rights under the PHRA.

109. Plaintiff seeks attorney's fees under the PHRA.

110. Alternatively, Defendants' actions were motivated by the foregoing discriminatory animus towards Plaintiff. Therefore, Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

111. Defendants' unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's protected civil rights under PHRA.

**COUNT VI**
**Aiding and Abetting**
**Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951, *et. seq*.**
(***Plaintiff v. All Defendants***)

112. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

113. PHRA § 955(e) provides that it shall be unlawful discriminatory practice: "For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice,

or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

114. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955, the discriminatory conduct.

115. Defendants' unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's protected civil rights under PHRA.

116. Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

117. Alternatively, Defendants' actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

118. As a result of Defendants' unlawful actions, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims, her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll

records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

Date: <u>April 10, 2024</u>        **DEREK SMITH LAW GROUP, PLLC**

By: */s/ Timothy J. Prol, Esq.*
Timothy J. Prol, Esq.
1628 Pine Street
Philadelphia, Pennsylvania 19103
Phone: (215) 391-4790
tim@dereksmithlaw.com
Attorneys for Plaintiff